SCHULTZ et v SOUSA

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10320. Decided November 18, 1929

Messrs. Schwan, Schwan, Thobaben & Reed, Cleveland, for Schultz et.

Mr. Francis J. Cook, Cleveland, for Sousa.

VICKERY, PJ.

It is claimed that inasmuch as there was so-called error in not finding the value of the car in the replevin suit, but only finding a judgment in favor of the plaintiff below for five cents, that that having been paid, there is no redress. We do not so construe the law.

This redelivery bond obligated the defendant in the replevin suit to either return the car or pay its value and if she failed to do so, judgment being rendered against her, the redelivery bond became absolute by having the conditions broken; and the bondsmen, the plaintiffs in error here, would be responsible on their bond, not for the value of the car, that might have been found in the replevin suit, because they were not parties to that action, for if the value of the car had been fixed too high, they would not be bound by such judgment but could have contested, when they were sued the amount that they were liable for. This observation is important because it seems to obviate the necessity of having the value fixed in the replevin suit, because as against the bondsmen it would not be conclusive. They then, if upon failure to redeliver the car, had been sued for the value, could undoubtedly have introduced evidence to minimize the damages and to show that the value of the car was too high, and it would not be res adjudicata because they were not parties to that suit.

Now the conditions of this bond were, in effect, that if judgment was rendered against the defendant in the replevin suit, she would either deliver the car or pay its value and judgment was rendered against her; and it shows that the plaintiff in replevin was entitled to receive the car and the mere fact that there was an error in the proceedings in which the value of the car was not found, does not destroy the remedy the party might have.

It is argued by counsel for plaintiff in error that they should have made a demand for the car and upon a breach of the conditions the bond became absolute and the duty devolved upon the party who gave the bond to either pay the value

of the car or to deliver the car. She did neither and inasmuch as she had parted with the car in a trade for some other car, it became impossible for the plaintiff in this action to get the car and therefore the only action he could bring was an action for its value, and in this case the value of the car was proven to be more than the judgment, but inasmuch as the bond was limited to $210.00, the judgment necessarily was limited to that amount. We think that the bond had been breached, and the conditions of it had become absolute, and the party plaintiff in this action was entitled to recovery in the absence of the car being delivered to him, as the defendant in the replevin suit, the full value of the car; and as against the sureties, the amount of their bond, if the value of the car equalled or exceeded that amount. In this case it shows that it exceeded that amount and therefore we can see no error in the judgment of the court in finding against the plaintiffs in error, the bondsmen, on this redelivery bond, for the amount of the bond.

There being no error, the judgment of the court will be affirmed.

Levine and Sullivan, JJ., concur.