### NATIONAL GUARANTEE & FINANCE CO. v ZENKER

Ohio Appeals, 2nd Dist., Franklin Co.

Nos. 3141 & 3142. Decided Oct. 2, 1940.

636

McGhee, Rowe & Evans, Columbus, for plaintiff-appellant.

Coughlin, Ogier & Lloyd, Columbus, and Clifford W. Southwick, Columbus, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The original action was one in replevin and was first filed and determined in the Municipal Court of Columbus, Ohio.

The following brief summary of facts will render understandable the nature of the controversy.

On January 4, 1936, the plaintiff Finance Company filed a petition in replevin in the Municipal Court of Columbus, Ohio, against Edwin Zenker, the defendant. A writ of replevin was issued and custody of an automobile taken from Edward Zenker, the defendant. An appraisal of the automobile was duly made and the plaintiff executed a replevin bond in the sum of $1000.00, which was double the amount of the appraisement. The bond, among other things, contained the following provision:

"If plaintiff will duly prosecute the action and in case the judgment be against him return the property taken or pay the value so assessed at the election of the defendant; also pay the damages assessed for its taking, detention and injury, and pay the costs of suit."

The defendant not having given a redelivery bond, the possession of the automobile was taken by the plaintiff under its bond. The defendant filed answer denying that plaintiff had any legal right to the possession of or title to said automobile.

Plaintiff alleged title was by reason of a chattel mortgage executed by Garrel Patton to her husband Jean Patton

and by the latter endorsed to the plaintiff before due, for a valuable consideration.

The chattel mortgage was duly filed in the Recorder's office of Greene County Ohio. Jean Patton was a dealer in automobiles located in Cedarville, Greene County, Ohio. An issue was presented as to whether or not Garrel Patton ever owned the automobile in question, and further, that defendant's title was superior to any claim of the plaintiff by reason of the claimed fact that he purchased the automobile from Patton's place of business where the same was on display for sale. The case was tried before a Judge of a Municipal Court without the intervention of a jury. On March 21, 1938, the Court made the following finding:

"Case called. Witnesses sworn and testified. Trial had and concluded. Court finds that at the commencement of this action the right of possession was in the defendant and assesses damages in the amount of $10.00 and costs. Ex."

Within three days thereafter plaintiff filed its motion for a new trial, which motion was overruled on the 5th day of April, 1938, and the court entered judgment as follows:

"Motion for a new trial overruled. Judgment rendered per findings of March 21, 1938. Ex." .

Counsel for plaintiff desiring to carry the case to the Court of Common Pleas, and being uncertain as to the proper procedure, on April 8, 1938, filed a notice of appeal and also filed in the Common Pleas Court a petition in error and caused a summons to issue. The Common Pleas Court was not requested nor did it determine which was the proper procedure in carrying the case up on error. On April 15, 1938, the defendant filed in the Clerk's office in the Municipal Court of Columbus, Ohio, a pleading in substance as follows:

"Defendant's motion to modify judgment; to offer testimony for the purpose of having value of automobile assessed."

Plaintiff objected to this pleading, and for the purposes of the motion only, moved to have it stricken from the files for the reason that the trial court no longer had jurisdiction of the case, as the same had been taken to the Common Pleas Court, which motion was overruled and the matter set down for hearing. The plaintiff then filed in the Supreme Court of Ohio a writ of prohibition, seeking an order prohibiting the judge of the Municipal Court from hearing evidence on the defendant's motion. The Supreme Court declined to allow the writ of prohibition determining that it would not prevent an anticipated erroneous judgment when appeal was available.

In the meantime plaintiff duly proceeded to perfect his appeal in the Common Pleas Court by having prepared a bill of exceptions and requesting transcript of docket and journal entries. The Municipal Court changed his judgment order by inserting "$650.00 value", and also made same change in bill of. exceptions.

The trial court was first requested to eliminate this added matter, and after refusal, a mandamus action was filed in the Common Pleas Court of Franklin County, but before hearing the Judge of the Municipal Court voluntarily erased from the judgment order and the bill of exceptions the words "$650.00 value".

Following the decision of the Supreme Court the Judge of the Municipal Court conducted a hearing wherein evidence was presented as to the value of the automobile in question. On September 8, 1938, the Municipal Court made the following finding entry:

"This case came on for further hearing upon the value of automobile in question and Court finds that the fair and market value of said auto. be $600.00. Ex."

Motion for new trial was duly filed, overruled and the following entry journalized on September 16, 1938:

"The motion for a new trial came on to be heard and on consideration the court overrules the same. Therefore it is considered by the court that the fair market value of the property in question be and is hereby determined and adjudged to be $600.00, to all of which the plaintiff excepts."

Plaintiff thereafter duly filed notice of appeal on questions of law from this judgment of September 16th. The Common Pleas Court returned finding and judgment in favor of the defendant and against the plaintiff in each of the several cases.

Notice of appeal was duly filed from the judgment of the Common Pleas Court affirming the judgment of the Municipal Court wherein the latter fixed the value of property' after taking evidence.

The sole and only question for our determination is as to the correctness of this judgment.

Stated a little differently, it is now our province to determine whether or not the Municipal Court was within its rights in taking new and additional testimony touching the value of the automobile in question after he had entered final judgment in the original hearing and error proceedings had been instituted thereon to the Court of Common Pleas.

The Municipal Court of the City of Columbus was established under and by virtue of §1558-46 GC. **Sec. 1558-68 GC,** provides that the calendar of the Municipal Court for Columbus, Ohio, shall be divided into four terms, three months each, beginning respectively on the first day of January, April, July and October of each year.

**Sec. 1558-77** provides in substance that the law governing the Court of Common Pleas as to * * * vacation or modification of judgment before and after term shall be held to apply so far as applicable to the Municipal Court.

**Sec. 11631 GC,** contains the provisions for alteration or modification of judgment of Common Pleas Court and Courts of Appeals after the term at which same were made.

There is no statutory provision for vacation or modification of judgments during term. The right of vacation or modification during terms is controlled by the common law.

The Supreme Court of Ohio in the case of the **First National Bank of Dunkirk, Ohio v Smith, et, 102 Oh St 120,** syllabus 1, makes the following pronouncement:

"A court of general jurisdiction, such as the Common Pleas Court, has control of its own orders and judgments during the term at which they are rendered, which control may be exercised, within the sphere of sound discretion, as an inherent right founded upon common law."

In the second syllabus of this same case it is stated that during term a court of general jurisdiction in the exercise of its control over its judgments is not controlled by the procedure provided for such relief after term. Again, in the case of **Martinka v Cleveland Railway Company, 135 Oh St 359,** the Supreme Court makes the pronouncement that the inherent power of the Court of Common Pleas to control its own judgment and to correct, modify or vacate same during the term, has in no way been abrogated or modified by any proceedings of the new appellate procedure act.

Hough, J., rendering the opinion in **102 Oh St 120,** supra, at page 122, makes the following observation:

"There appears to be no limitation or restriction to the rule, except that the power must be exercised with a sound discretion—limited only to cases in which there is an abuse of discretion. It follows, therefore, that the court in the instant case had the power to suspend the judgment upon any ground enumerated in §11631 GC, or for any other reason within their exercise of a sound discretion."

In the instant case we have no difficulty in determining that while the

action was commenced in the January Term and the motion for a new trial filed in that term, final judgment was entered in the April term. Defendant's motion to be permitted to present evidence on the question of· value of automobile having been filed in the April term, and the Court having assigned the motion for hearing, the same would be considered within term even though the matter was not adjudicated until a later term.

The Court of Appeals of the First District in the case of **Sullivan v Cloud et, 62 Oh Ap 462**, 1st syllabus, makes the following pronouncement:

"Filing a notice of appeal on questions of law and fact from a judgment of a Common Pleas Court removes the entire case to the Court of Appeals and suspends the judgment in the trial court. The trial court, by the appeal, is divested of jurisdiction of the case, and an order made while such appeal is pending, allowing a motion to vacate such judgment, is void."

Counsel for appellee argue with much persuasion that there is a basic distinction between appeals on questions of law and appeals on questions of law and fact.

Counsel for appellant in oral argument and in his brief places special stress on the fact that he had instituted error proceedings in the Common Pleas Court before defendant filed his motion to permit the taking of additional testimony on the question of value. In our judgment, this is not determinative. In other words, if the defendant had the right to have his motion determined at any time during term, this right would not. be denied by reason of the fact that error proceedings had been instituted. **Martinka v Cleveland Railway Company, 135 Oh St 359; Huber Mfg. Co. v Sweny, 57 Oh St 169.**

On the other hand, it could not be said that the power of The Court to open up during term is unlimited. The action in the instant case was one at law; that is, it was triable to a jury. The record does not disclose that there was an express waiver of a jury, but the fact that the parties went to trial without question would constitute a waiver of jury.

In the case of **Yetter v Klieman, 34 Oh St 433, on page 435,** Cushing, PJ., speaking for the Court, makes the following observation:

"It has been repeatedly held that the judgment of a court, sitting without a jury, is the equivalent of the verdict of a jury."

In the case of **Long v Cassiero, 105 Oh St 123,** the Supreme Court of Ohio, in the first syllabus, held that a verdict of a jury may not be impeached by affidavit showing misunderstanding or mistake. At the bottom of page 126 and continuing on page 127, Jones, J., speaking for the Court, cites the case of **Sargent v State, 11 Ohio 472,** as follows:

"After the jury have returned their verdict, have been discharged, and have separated, they can not be recalled to alter or amend it."

The reason for this rule is well understood and it might be applicable to a court, and for that reason no such rule would apply in the instant case.

This brings us to a careful analysis of just what the Court did. Did it set aside, amend or alter its former judgment? Obviously, the answer is, No. What he did was to permit the opening up of the case to take new evidence as a predicate for determination of the value of the automobile in question, the basis for such determination not existing through the evidence previously taken.

We are unable to bring ourselves to the conclusion that a

640

Court, sitting as a jury, has such right, after he has made a finding entry, overruled motion for new trial and entered final judgment.

In the oral argument some discussion was had as to what, if any, rights or remedies the defendant would have under the situation in the instant case. This question is not properly before us and hence we make no determination thereon. However, we might say that in our independent investigation we found the case of **Schultz v Sousa**, decided by the Court of Appeals of Cuyahoga County, and reported in **8 Abs 3.** This reported case has many points of similarity, and if a correct pronouncement, would apparently authorize an independent action.

We have also very carefully examined the chapter on replevin as presented through §§12051 to 12074 GC inclusive, particularly the sections relating to the bond and judgment provisions and procedure in connection therewith.

Finding, as we do, that the Municipal Court exceeded its authority in taking evidence and entering a new order, we are constrained to the view that the judgment of the Common Pleas Court must be reversed at costs of appellee.

HORNBECK, PJ., concurs.
GEIGER, J., concurs in judgment.