**NATIONAL GUARANTY & FINANCE COMPANY v ZENKER**

Ohio Appeals, 2nd Dist, Franklin Co

No 3394. Decided Dec 3, 1941

McGhee, Rowe & Evans, Columbus, for plaintiff-appellant.

Coughlin, Ogier & Lloyd, Columbus, and Clifford W. Southwick, Columbus, for defendant-appellee.

### OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

This case was before us at a former term on a different question. At that time we reversed the Common Pleas Court and thereby the Municipal Court, and remanded the cause for further proceedings according to law.

Our opinion is found reported in **32 Abs 635**, under the same title. In this prior opinion we set out in detail a complete history of the case and in the interest of shortening this opinion we refer to the opinion in the **32 Abs.**, supra.

The action originally was commenced in the Municipal Court of Columbus, Ohio, and was one in replevin, seeking to recover an automobile upon which plaintiff claimed an express interest by way of chattel mortgage. Plaintiff gave bond, as provided under the pertinent sections of the Code, and the automobile was thereafter delivered to him by the serving officer.

Upon hearing the trial court found for the defendant and entered judgment as follows:

"March 21, 1938. Judge Pfefferle. Case called, witnesses sworn and testified. Trial had and concluded. Court finds that at the commencement of this action right of possession was in the defendant and assesses damages in the amount of $10.00 and costs. Exceptions."

Following this finding and order plaintiff filed motion for new trial, which was overruled. Plaintiff then gave notice of appeal to the Common Pleas Court of Franklin County, Ohio.

Defendant then sought to institute a further proceeding through which the value of the property would be ascertained. Over the objection of the plaintiff the trial court entertained this application, heard evidence and made a finding as to value.

Again the plaintiff filed application for new trial, which was overruled and then gave notice of appeal by which this second proceeding was lodged in the Common Pleas Court, where the judgment was affirmed. The judgment

in the original appeal was also affirmed. The second judgment on appeal to our court was reversed, and the cause remanded, as heretofore stated.

On March 7, 1941, defendant caused an execution to be issued out of the Municipal Court, which, omitting the formal parts, was in the following language:

"To any Bailiff of said Court:

Whereas, on the 5th day of April, A. D. 1938, Edwin Zenker obtained a judgment against The National Guaranty & Finance Company before the Municipal Court of Columbus, for the sum of $10.00 damages and right of possession of the property set forth in the petition and costs; You are therefore commanded tc collect the amount of said judgment with costs endorsed and increase, out of the personal property of the said, take possession of the property as set forth in the petition and pay the same to the Clerk of this court and make return of this execution, and a certificate thereof, showing the manner in which you have executed the same in thirty days from the time of your receipt thereof.

Given under my hand this 7th day of March, A. D. 1941.
　　(Signed)　Arthur J. Blosser
　　　　Clerk of the Municipal Court of Columbus,
　By D. White
　　　　Deputy Clerk."

The following endorsement appears on the execution:

"Amount of judgment possession of property."

The return by the serving officer reads as follows:

"Received this writ March 7, 1941; by virtue of this writ March 8, 1941 this writ returned 'nothing found'."

The return was signed by a deputy bailiff.

From the evidence it appears that the judgment for $10.00 and costs was paid by plaintiff in January, 1941.

On March 22, 1941, the plaintiff filed in the Municipal Court, a motion, which, omitting the formal parts, reads as follows:

"Now comes the plaintiff, and for the purpose of this motion only, moves the court for an order—First, to set aside the 'alleged' writ of execution issued in this case on. the 7th day of March, 1941. Second, to have the return of said 'alleged' writ of execution amended to conform to the facts and the law.

　(Signed) McGhee, Rowe & Evans,
　　　　Attorneys for Plaintiff."

The trial court overruled plaintiff's motion and thereafter plaintiff perfected appeal to the Common Pleas Court, where the judgment of the Municipal Court was affirmed.

Plaintiff then gave notice of appeal whereby the cause was lodged in our court.

The sole and only question presented to us is as to the correctness of the judgment of the Court of Common Pleas. However, in making such determination it is necessary to consider the state of the record in the Municipal Court.

Comprehensive briefs are presented by counsel representing the respective parties setting forth their claims and views.

In substance, it is the contention of plaintiff that there was no existing unsatisfied judgment upon which an execution could be issued. Counsel for plaintiff also cite authorities supporting the procedure of attacking the execution by motion:

Voight, Jr. v Lueders, 101 Oh St 211; Miller et v Longacre, 26 Oh St 291. C. E. McCune Co. v Warndorf et, 55 Oh Ap 279.

Without further comment, we agree that the authorities support the procedure of attacking an improper execution by motion.

However, we perceive a very serious question as to whether or not under the facts of the instant case, the trial

court's action in overruling the motion was a final order from which appeal could be taken to the Common Pleas Court. It will be observed that the bailiff made a return on the execution of "nothing found". This situation differs from those found in the reported cases. In each of these there was property taken or threatened to be taken. In the instant case there was no immediate, substantial harm done to the plaintiff. This is at once apparent from the return of "nothing found". Plaintiff's motion was filed after the execution was issued and the return made. A process, however irregular or illegal, is of no consequence unless the complaining party show threatened injury or damage.

There is nothing in the bill of exceptions, the original papers or the brief of appellant meeting this requisite.

From defendant-appellant's brief we do ascertain that defendant's purpose in having the execution issued was an intended compliance with §12073 GC, through which proceedings might be instituted against the bondsman. This section reads as follows:

"Sec. 12073. When action may be brought on the bond. No suit shall be instituted on the bond given by the plaintiff as before herein provided, until an execution issued on a judgment in favor of the defendant in an action has been returned unsatisfied."

It is probably true that plaintiff-appellant's activity in filing motion and following up with appeals was for the purpose of removing the availability of §12073 GC, supra, to defendant in proceeding against the bondsman.

It is our conclusion that the overruling of plaintiff-appellant's motion to set aside the alleged writ of execution and amend the same was not of such a character as to be a final order.

Plaintiff was anticipating something that might be harmful to the bondsman.

When and if a hearing is prosecuted against a bondsman, he can avail himself of the claimed irregularity of the execution and its return. This would be one of the many legal questions that would arise in this proceeding, when and if prosecuted. The action of the Municipal Court in overruling plaintiff-appellant's motion would not render the question res adjudicata. In any lawsuit many vital questions arise, but only when the final judgment is entered in the case may it be taken up on appeal.

During the progress of the trial the parties save their record by interposing their objections and then if either party feels aggrieved through the rulings of the trial court on these questions, it may be determined on review.

It is our judgment that the Court of Common Pleas should not have entertained plaintiff-appellant's appeal, but should have dismissed the same for want of jurisdiction.

We are constrained to the view that the judgment of the Common Pleas Court must be set aside and the cause remanded to that court with instructions to dismiss plaintiff's appeal and remand the case to the Municipal Court for further proceedings according to law.

We hope that if any further proceedings are had in the Municipal Court that counsel will carefully study the questions of law involved and make their record so complete that, if perchance any further review is had, it will not be necessary to reverse and remand.

GEIGER, PJ. & HORNBECK, J., concur.

## APPLICATION TO CERTIFY CASE

No 3394. Decided Dec 13, 1941

BY THE COURT:

The above-entitled cause is now being determined on plaintiff's application to certify this case to the Ohio Supreme Court, for the reason that the judgment is in conflict with two Courts of Appeals decisions, viz., **C. E. McCune Company v Warmdorf et** (Butler County), **55 Oh Ap 279,** and **Wheeler v Lorenz et** (Lucas County), **21 Oh Ap 218.**

We are always anxious to aid in providing a review from any of our decisions.

However, in making an order to certify upon the ground of conflict, we must make a judicial determination that there is a conflict.

This we are not able to do in the instant case. On the contrary, we are in full accord with the Butler County and Lucas County Courts of Appeals in the two cases above referred to. The gravemen of our decision is that under the facts of the instant case the rules announced in the above cases are not applicable. This was discussed so fully and completely in our original opinion that we do not deem it necessary to make any further statement.

The application for rehearing will be overruled.

GEIGER, PJ., HORNBECK & BARNES, JJ., concur.